UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DOMINIQUE HAMILTON, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )   2:20-cv-00285-JDL |
| | ) |
| STATE FARM AND CASUALTY | ) |
| COMPANY, et al., | ) |
| | ) |
| Defendants | ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff seeks to recover damages allegedly resulting from an automobile collision in September 2019. (Complaint at 4, ECF No. 1.) Plaintiff has joined as defendants the driver of the vehicle that struck Plaintiff's vehicle and the driver's insurance company. (*Id*. at 2; Attachment, ECF No. 1-12.)

Plaintiff also filed an application to proceed in forma pauperis (ECF No. 2), which application the Court granted. (ECF No. 4.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of the complaint, because this Court lacks jurisdiction over the subject of Plaintiff's claim, I recommend the Court dismiss the complaint without prejudice.

**STANDARD OF REVIEW**

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or

"fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.,* 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citations omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). For the matter to proceed in this Court, Plaintiff's claim must present either a federal question, 28 U.S.C. § 1331, or a matter in controversy that exceeds the value of $75,000 between persons domiciled in different states, 28 U.S.C. § 1332.

In her complaint, Plaintiff identifies both federal question and diversity as the bases of this Court's jurisdiction. (Complaint at 3.) Pursuant to section 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's complaint does not assert a claim based on the United States Constitution, a federal statute, or a federal treaty. The Court thus lacks federal question jurisdiction over Plaintiff's claim.

Federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States." 28 U.S.C. § 1332(a)(1). For diversity jurisdiction, there must be "complete diversity of citizenship as between all plaintiffs and all defendants." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). That is, for Plaintiff's claim to be within the Court's diversity jurisdiction, Plaintiff must have been a citizen of a different state than both the defendants on the date the complaint was filed. *See Alvarez-Torres v. Ryder Memorial Hosp., Inc.*, 582 F.3d 47, 54 (1st Cir. 2009) ("[D]iversity jurisdiction does not exist where any plaintiff is a citizen of the same state as any defendant"). Plaintiff, however, has alleged that she and one of the defendants, Marisa Brown, reside in Maine. (Complaint at 1–2.) Plaintiff, therefore, has not alleged a claim within this Court's diversity jurisdiction.

## CONCLUSION

Based on the foregoing analysis, after a review in accordance with 28 U.S.C. § 1915, I recommend the Court dismiss Plaintiff's complaint without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of August, 2020.